(115 App. Div. 582)

ROCHE v. INDIA RUBBER & GUTTA PERCHA INSULATING CO.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

MASTER AND SERVANT—ASSUMPTION OF RISK.

> An experienced servant, injured while attempting to remove with a knife rubber caught on the revolving rolls of a machine to thin rubber, will be held to have assumed the risk from absence of a kind of clutch on the machine which would have stopped the rolls in time to save his hand;

100 N.Y.S.—64

he knowing that the machine could not be stopped by the clutch on it when there was rubber in the rolls, but that it could be stopped only by shutting off the power.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 584–587.]

Hooker, J., dissenting.

Appeal from Westchester County Court.

Action by Cornelius G. Roche against the India Rubber & Gutta Percha Insulating Company. From a judgment for plaintiff, and from an order, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

William L. Kiefer, for appellant.

James M. Hunt, for respondent.

JENKS, J. The action is by servant against master for neglect to furnish a safe place and safe machinery. The latter omission alone was the subject of a trial, which resulted in a verdict for the plaintiff. The servant had been of long service in the master's factory, where, incidental to manufacturing, rubber was thinned out by passing it through certain rolls under great pressure. The rolls were worked by machinery. The servant had been told how to work the machine, and what he must do if the rubber was caught in the rolls. There were several machines, of which each included these rolls. The servant had general charge of one of them, worked by Sorentino. Sorentino left his mill to go to the water-closet, and meanwhile rubber was caught in the rolls of that mill. The plaintiff went to work to cut it off with a knife, as he had been instructed, and while at such work his hand was caught in the revolving rolls and injured.

The theory of the master's negligence rests upon his failure to provide a certain kind of clutch, which it is asserted would have stopped the rolls in time to have saved the hand from injury. The rolls worked by turning in opposite directions. They were about five-eighths of an inch apart and were plainly visible. They made about 60 revolutions a minute. The plaintiff had been employed about this machinery and had seen the same or similar machinery at work for seven years. He testifies that he understood the position of the rolls and the manner of their operation. He must have realized that if his hand came in contact with the rolls thus adjusted, thus working and designed to exert such pressure as was necessary to thin out this rubber, there was danger of its being drawn in and injured. There was a clutch on the machine, but the plaintiff testifies that he knew that the machine could not be stopped by the clutch when there was rubber in the rolls, but only when there was no rubber in them. And he testifies that he knew that there was no way of stopping the machine when there was rubber in the rolls, except in the manner that it was stopped on the day of the accident, namely, by shutting off the power. I think that upon his own testimony he must be held to have assumed the risk, within the doctrine of Sweeney v. Berlin & Jones Envelope Co., 101 N. Y. 520, 5 N. E. 358, 54 Am. Rep. 722, and Hickey v. Taaffe, 105 N. Y. 26,

12 N. E. 286. Section 3 of the employers' liability act (Laws 1902, p. 1748, c. 600) is not in the way of a reversal of the judgment. Wilson v. New York Mills, 107 App. Div. 99, 94 N. Y. Supp. 1090; Vaughn v. Glens Falls Portland Cement Co., 105 App. Div. 136, 93 N. Y. Supp. 979.

Judgment reversed, and new trial ordered; costs to abide the event. All concur, except HOOKER, J., who dissents.

(51 Misc. 668)

## WEILLER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   November 14, 1906.)

1. APPEAL—RECORD—EVIDENCE.
   Where the trial court dismissed the complaint after the defendant had introduced some evidence, the defendant's evidence should be included in the record on appeal.

2. CARRIERS—INJURIES TO PASSENGER—QUESTION FOR JURY.
   In an action for injuries to a passenger in alighting from a car, evidence *held* to require submission of the case to the jury.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

